## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DEON YOUNG,<br><br>　　　　Defendant. | Criminal No. 16-10373-DPW |

## ORDER ON DEFENDANT'S MOTION FOR RELEASE (Dkt. #14)

**CABELL, U.S.M.J.**:

On December 19, 2016, the defendant, having previously agreed to a voluntary order of detention, moved for release from custody on conditions. (Dkt. No. 14). Based on the evidence adduced at a hearing held on December 22, 2016, particularly with respect to the defendant's conduct underlying the charged offenses, the Court finds that the defendant's release would pose a risk of danger to another or the community. In mitigation, the defendant proposed, among other things, that he be permitted to be released to reside with his aunt, who has agreed to act as a third party custodian. The Court was able to interact with the aunt in open court and credits her integrity and the sincerity of her willingness to act in this capacity. Nonetheless, the Court does not believe that this provision on its own is sufficient to mitigate the risks otherwise posed by the defendant's release. Coupled with a secured bond and other conditions, however, the Court believes the risks adequately may be mitigated.

Accordingly, the defendant's motion for release is ALLOWED, subject to satisfaction of the following conditions:

1. The defendant shall post a secured bond in the amount of $10,000, in cash or by certified check.

2. The defendant shall be released to reside at 63 Alpine Street in Roxbury, Massachusetts ("the residence") and at no other location.

3. The defendant shall be released to the custodianship of his aunt, Sabrina Gilliard, the owner of the residence.

4. The defendant shall be released on home detention. In this case, this means that he is restricted to the residence at all times, except for employment, attorney visits, court appearances, court-ordered obligations, or other activities approved in advance by the Probation/Pretrial Services office or supervising officer.

5. The defendant's compliance with these restrictions shall be enforced through location monitoring via a telephone landline to be installed at Ms. Gilliard's residence.

6. The defendant is required to actively seek employment. If he is able to procure employment he shall keep the supervising officer informed of his schedule.

7. The defendant reportedly does not possess a passport. If he does possess one he must immediately surrender it to Probation/Pre-Trial Services on the next working day after his release. Regardless, the defendant shall not apply for a passport or any type of travel documents while on release.

8. The defendant shall not possess any firearms, destructive devices or dangerous weapons while on release and there shall be no such firearms, destructive devices or dangerous weapons in the residence.

9. The defendant shall not use alcohol to excess and shall not use or possess any narcotic controlled substance except by prescription from a licensed medical practitioner.

10. The defendant shall submit to a drug test at any time specified by Probation/Pretrial Services, including the day of his release if so ordered.

11. The defendant shall notify Probation/Pretrial Services within twenty-four (24) hours if he is arrested or has any contact with law enforcement officials.

12. The defendant shall not violate any Federal, state or local law while on release, including the provisions of 18 U.S.C. §§ 1503, 1512 and 1513.

13. The defendant shall report to Probation/Pretrial Services as directed.

**Counsel for the defendant shall notify the Clerk when the defendant is able to meet these conditions**.

/s/ Donald L. Cabell
DONALD L. CABELL
United States Magistrate Judge

DATED:  January 12, 2017